1  JOSHUA E. KIRSCH (179110)
   GIBSON ROBB & LINDH LLP
2  100 First Street, 27th Floor
   San Francisco, CA 94105
3  Telephone: (415) 348-6000
   Facsimile: (415) 348-6001
4
   Attorneys for Plaintiff,
5  ST. PAUL FIRE & MARINE INSURANCE CO.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 ST. PAUL FIRE & MARINE INSURANCE )   Case No.: C 06-4001 ~~JSW~~ JCS
   CO., a corporation,              )
12                                  )   STIPULATION AND [~~PROPOSED~~] ORDER
              Plaintiff,            )   CONTINUING CASE MANAGEMENT
13                                  )   CONFERENCE
         vs.                        )
14                                  )
   COLIN MCKECHNIE, an individual,  )
15                                  )
              Defendant.            )
16 _____  )

17     Counsel for all parties herein respectfully request and stipulate that the Case Management

18 Conference herein set for December 22, 2006 at 10:30 a.m. be continued 45 days. The reason for

19 the requested continuance is that the continuance will enhance the prospects for the parties to

20 settle the case at a minimum of expense to the parties and with minimal use of the Court's

21 resources. Counsel and the parties believe this to be the case because:

22     1. The case involves a collision of two boats, one owned by third-party defendant Mr.

23 Parducci and insured by plaintiff St. Paul Fire & Marine Insurance Co. ("St. Paul"), and the other

24 owned by defendant Mr. McKechnie. Mr. Parducci's boat suffered just over $16,000 in physical

25 damage. St. Paul paid Mr. Parducci just over $11,000 after applying the $5,000 policy

26 deductible.

27 ///

28

2. In a previous state court action, Mr. Parducci filed suit against Mr. McKechnie. That case settled. Under that settlement agreement, Mr. McKechnie agreed to pay, and did pay, money to Mr. Parducci. Also under that agreement, Mr. Parducci warranted his right to assert all claims and to defend and indemnify Mr. McKechnie against claims of others arising out of the same damage claim.

3. St. Paul did not learn of the Parducci-McKechnie settlement until well after it had been concluded and consideration paid. Mr. Parducci claims St. Paul informed orally him prior to his lawsuit against Mr. McKechnie that St. Paul would not pursue subrogation. St. Paul disputes this contention.

4. St. Paul filed this action on June 28, 2006. Mr. McKechnie filed an answer on or August 10, 2006 and a third-party complaint against Mr. Parducci for indemnity on August 18, 2006. Mr. McKechnie submitted a substitution of attorney on or about September 6, 2006 and apparently re-submitted that document on or about September 13, 2006. District Judge Hon. Jeffrey White signed the order approving the substitution on September 14, 2006.

5. Mr. McKechnie then tendered defense of the action to Mr. Parducci, who accepted the tender. Mr. McKechnie then submitted a further substitution of attorney (substituting Mr. Parducci's attorney, Mr. Turri, in as new counsel) on October 30, 2006, and re-submitted the substitution on a new form some time between November 15 and 21, 2006. Judge White signed the substitution order on November 21, 2006. The parties consented to proceed before a Magistrate Judge on November 29, 2006.

6. Mr. Parducci, in turn, then tendered his and Mr. McKechnie's defense to St. Paul. Because St. Paul's claim file had been closed when the subrogation file was opened, Mr. Parducci's tender requires St. Paul to re-open its claim file, evaluate the tender, and respond to Mr. Parducci. St. Paul is currently taking these steps and expects to be in a position to respond to the tender shortly after the first of the New Year.

7. Counsel for St. Paul, on the one hand, and counsel for Messrs. Parducci and McKechnie, on the other, have at all times been cooperative and communicative with each other.

1   They have discussed settlement and expect the matter to settle. However, Mr. Parducci
2   has asked for a formal response to his tender prior to actual exchange of settlement proposals.
3   St. Paul is agreeable to this approach. All parties believe settlement proposals will be exchanged
4   soon after the response to the tender.

5       8. The parties have not unreasonably delayed proceedings. Rather, the unusual
6   procedural posture given the prior action and settlement required some additional steps as
7   described above to position the case for settlement. Those steps are nearly complete and the
8   interests of judicial economy would be served by a 45-day continuance of the Case Management
9   Conference. Counsel for the parties discussed this approach with the court-appointed mediator in
10  a telephone conference on December 19, 2006. The mediator was in agreement with this
11  approach.

12      9. Counsel for Messrs. Parducci and McKechnie is based in Ukiah, and saving his travel
13  costs at this point would preserve resources for settlement.

Respectfully submitted,

Dated: December 20, 2006        GIBSON ROBB & LINDH LLP

By _____
Joshua E. Kirsch
Attorneys for Plaintiff
ST. PAUL FIRE & MARINE
INSURANCE CO.

Dated: December 20, 2006        Insurance Litigators & Counselors

By _____
Joseph J. Turri, Esq.
Attorneys for Defendant
COLIN MCKECHNIE and
Third-Party Defendant WILLIAM H. PARDUCCI

The Case Management Conference set for December 22, 2006 at 10:30 a.m. is hereby continued to February 2, 2007 at 1:30 PM o'clock.

_____
Joseph C. Spero
UNITED STATES MAGISTRATE JUDGE

[Seal: United States District Court, Northern District of California — Judge Joseph C. Spero]

STIPULATION AND [PROPOSED] ORDER CONTINUING CASE MANAGEMENT CONFERENCE
Case No. C06-4001 JSW, Our File No. 4400.21

-3-